**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FRED SMITH,

          Plaintiff,

v.                                                    Case No: 6:20-cv-1666-WWB-GJK

CERES MARINE TERMINALS, INC.,

          Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant Ceres Marine Terminals Inc.'s Motion to Dismiss Count II (Doc. 11) and Plaintiffs' Response (Doc. 14) thereto. For the reasons set forth herein, the Complaint will be dismissed as a shotgun pleading.

## I.     BACKGROUND

This action arises from injuries Plaintiff sustained after he was struck by a forklift operated by Defendant's employee. Defendant operates a dock and terminal open to the general public at Port Canaveral, Florida. (Doc. 1-1, ¶ 4). While on the dock, Plaintiff was struck from behind by a forklift driven and operated by Defendant's employee, causing him severe injuries. (*Id.* ¶ 5). Plaintiff alleges that Defendant did not sufficiently train its employee to safely operate the forklift. (*Id.* ¶ 8). As a result, Plaintiff asserts that Defendant's employee failed to ensure that he could see what was in front of the forklift while he operated it and failed to stop the forklift before striking Plaintiff and causing bodily injury. (*Id.* ¶¶ 8–9). Based on the employee's negligent operation of the forklift, Plaintiff alleges claims for negligence (Count I) and gross negligence (Count II) against

Defendant.  Defendant answered Count I, but filed the instant Motion seeking to dismiss Plaintiff's gross negligence claim.

## II.    LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.    DISCUSSION

Defendant argues that Count II, which purports to allege a claim for gross negligence, is due to be dismissed because Plaintiff merely reincorporates, reasserts, and realleges the allegations made in Count I for ordinary negligence along with the

conclusory allegation that the conduct was "so reckless and wanting in care that it constituted a conscious disregard or indifference to the life and safety of persons. . . ," and directs the Court and the parties to a video that has not been filed with the Court and the contents of which are not alleged in the Complaint.  Defendant further argues that Plaintiff did not properly plead punitive damages under Federal Rule of Civil Procedure 8(a)(3) and section 768.72(3)(a)–(c) of the Florida Statutes because there is no mention of a claim for relief or punitive damages.  In response, Plaintiff argues his allegations of ordinary negligence, when coupled with his recitation of the statutory elements and the video, sufficiently plead a request for punitive damages.  Plaintiff also insists that his prayer for "money damages" in the WHEREFORE demand clause of Count II is inclusive of punitive damages through the gross negligence claim.

   A.    **Shotgun Pleading**

   "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).  "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently."  *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted).  As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*."  *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that

3

shotgun pleadings drain judicial resources, and the district should act sua sponte to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings.  Here, the Complaint is "[t]he most common type . . . a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).  In Count II, Plaintiff "re-incorporates, re-asserts and re-alleges all Paragraphs of this Complaint above, herein."  (Doc. 1-1, ¶ 10).  Consequently, the Complaint will be dismissed without prejudice as a shotgun pleading.  Because the Court finds that the Complaint is a shotgun pleading, Defendant's Motion to Dismiss (Doc. 11) is moot.  Nevertheless, as explained below, Count II does not state a claim for gross negligence or punitive damages under Florida law.

### B.    Gross Negligence

"Beyond the elements of an ordinary negligence claim, gross negligence requires: (1) circumstances that constitute an imminent or clear and present danger amounting to more than normal and usual peril; (2) chargeable knowledge or awareness of the imminent danger spoken of; and (3) an act or omission that evinces a conscious disregard of consequences."  *Rutkowski v. City of Titusville*, No. 6:15-cv-454-Orl-37KRS, 2015 WL 5254311, at *4 (M.D. Fla. Sept. 9, 2015).  "[A]n employer may be liable for failure to properly train employees if the training (or lack of training) is conducted recklessly, intentionally, or with gross negligence."  *Cortes v. Honeywell Bldg. Sols. SES Corp.*, 37 F. Supp. 3d 1260, 1270 (S.D. Fla. 2014).  Conclusory allegations, however, will not

suffice—"a plaintiff must plead specific acts committed by a defendant." *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018) (quoting *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001)).  This requires more than the recitation of the elements.  *Iqbal*, 556 U.S. at 678.

Plaintiff primarily relies on the factual allegations set forth in his ordinary negligence claim.  Without more, the Complaint is devoid of factual allegations to suggest the circumstances constituted an imminent or present danger amounting to more than normal and usual peril.  Further, Plaintiff did not assert any specific facts to suggest Defendant knew of its employee's negligent operation but acted in such a way that it consciously disregarded any consequences that could result from such negligent operation.  While Plaintiff alleged that Defendant negligently trained its employee, without additional facts, such allegation is nothing more than a legal conclusion.  Accordingly, Plaintiff has failed to allege a claim for gross negligence, a claim, as explained below, required to support Plaintiff's request for punitive damages under section 768.72.

### C.    Punitive Damages

The Eleventh Circuit has held that the portion of section 768.72 prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) and therefore does not apply in federal court.  *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069, 1076–77 (11th Cir. 2000).  However, the substantive pleading standard of section 768.72 does not conflict with Rule 8(a)(2).  *Id.* at 1297.  Accordingly, although Plaintiff does not require leave to plead entitlement to punitive damages, he must still comply with the substantive pleading requirements of section 768.72.  "Specifically, the plaintiff must

allege facts demonstrating that the defendant's conduct amounted to intentional misconduct or gross negligence." *Jones v. Lowe's Home Ctrs., LLC*, No. 6:17-cv-02018-Orl-37TBS, 2018 WL 3910886, at *3 (M.D. Fla. Mar. 1, 2018).

More precisely, section 768.72 allows for punitive damages against an employer where its employee engaged in "conduct . . . so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct" and the employer "actively and knowingly participated in such conduct[,]" "knowingly condoned, ratified, or consented to such conduct[,]" or "engaged in conduct that constituted gross negligence." Fla. Stat. § 768.72(2)–(3). Aside from his conclusory allegations tracking the statute, Plaintiff makes no factual allegations to support his assertion that Defendant actively and knowingly participated in its employee's conduct, knowingly condoned, ratified, or consented to its employee's conduct, or engaged in conduct that constituted gross negligence.

Based on the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1-1) is **DISMISSED without prejudice**.

2. Defendant's Motion for Dismissal (Doc. 11) is **DENIED as moot**.

3. Plaintiff may file an amended complaint to address the deficiencies noted in this Order on or before **April 5, 2021**. Failure to do so may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on March 31, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record