UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRED SMITH,

    Plaintiff,

v.                                                         Case No. 6:20-cv-1666-WWB-GJK

CERES MARINE TERMINALS, INC.,

    Defendant.
                                              /

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count III, Count IV, Count V, and Count VI of Second Amended Complaint ("**Motion to Dismiss**," Doc. 35) and Plaintiff's Response in Opposition (Doc. 38).[1] For the reasons set forth herein, the Motion will be granted in part.

**I.**     **BACKGROUND**

On December 13, 2019, Plaintiff, Fred Smith, alleges that he was on the dock at Port Canaveral, Florida, when he was struck by a forklift operated by an employee of Defendant Ceres Marine Terminals, Inc., resulting in injuries. (Doc. 32, ¶¶ 4–5). As a result of the incident, Plaintiff filed a six count Second Amended Complaint (Doc. 32) for vicarious negligence for Defendant's employee (Count I), vicarious negligence by agency (Count II), negligent training (Count III), negligent staffing (Count IV), negligent policies

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order. Additionally, the Court notes that the Motion fails to comply with Local Rule 3.01(g). In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

and procedures (Count V), and failure to supervise (Count VI). (*Id.* ¶¶ 10–43). Defendant moves to dismiss Counts III through VI or, in the alternative, to strike those counts.

## II.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  DISCUSSION

First, with respect to Count III, Defendant argues that Plaintiff has failed to allege sufficient facts to state a claim for negligent training. "Under Florida law, an employer may also be liable for reasonably foreseeable damages resulting from the negligent training of

its employees." *Adler v. WestJet Airlines, Ltd.*, 31 F. Supp. 3d 1381, 1388 (S.D. Fla. 2014) (quotation omitted). "A plaintiff asserting a negligent training claim must allege that it was harmed as a result of an employer's failure to adequately train an employee, and that the nature of the employment put the plaintiff in a 'zone of risk' such that the employer had a duty running to the plaintiff." *Id.* Even assuming that Plaintiff has adequately alleged a duty, he has failed to allege a cognizable breach of that duty. Specifically, Count III makes the conclusory allegation that Defendant "[n]egligently fail[ed] to train or sufficiently or adequately train its employees, agents or representative, in safe operation of the fork lift." (Doc. 32, ¶ 24). As Defendant argues, this is nothing more than a threadbare recitation of the elements of the cause of action devoid of factual allegations. Furthermore, Plaintiff has failed to allege any facts supporting a causal connection between the lack of training and the injury to Plaintiff. Therefore, Count III will be dismissed. *See Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2017 WL 10402575, at *2 (M.D. Fla. June 1, 2017), *adopted*, 2017 WL 10402574 (M.D. Fla. July 3, 2017); *Rounds v. Genzyme Corp.*, No. 8:10-cv-2479-T-23TBM, 2011 WL 692218, at *2 (M.D. Fla. Feb. 18, 2011).

With respect to Count IV, Defendant argues that Plaintiff has failed to plead a claim for negligent hiring or retention. "To state a cause of action for negligent supervision or negligent retention under Florida law the claimant must allege: (1) the existence of a relationship giving rise to a legal duty to supervise; (2) negligent breach of that duty; and (3) proximate causation of injury by virtue of the breach." *Reillo v. Alternate Health USA, Inc.*, No. 3:19-cv-109-J-34JBT, 2020 WL 6701625, at *8 (M.D. Fla. Nov. 13, 2020) (quotation omitted). "To establish the employer's negligence, a plaintiff must show that during the course of employment, the employer becomes aware or should have become

3

aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* (quotation omitted). "[L]iability for negligent retention attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1313 (M.D. Fla. 2021) (quotation omitted). Here, Plaintiff fails to allege that the employee was unfit to operate the forklift, that Defendant knew or should have known that the employee was unfit to operate the forklift, or that it failed to take appropriate action on such knowledge. Thus, Plaintiff has failed to adequately plead a claim for negligent hiring or retention. Additionally, the Court notes that Plaintiff specifically alleges that the accident occurred "while [the employee was] acting within the course and scope of his or her employment." (Doc. 32, ¶ 28). However, Florida law requires "that an employee's wrongful conduct be committed outside the scope of employment." *Buckler v. Israel*, 680 F. App'x 831, 834 (11th Cir. 2017). Count IV will be dismissed.

Next, Defendant argues that Count V, which purports to allege a claim for negligent "policies and procedures," is not a recognized cause of action under Florida law and Plaintiff fails to allege anything more than conclusory statements in support of such a claim. In Count V, Plaintiff alleges that Defendant was negligent in failing to have or enforce adequate policies or procedures for the safe operation of the forklift. (Doc. 32, ¶ 36). Although labeled as a claim for negligent policies and procedures, Count V is, in substance, a claim for failure to train.[2] For the reasons set forth with respect to Count III,

---

[2] To the extent that Count V can be construed, instead, as a claim for failure to supervise, it fails for the reasons set forth with respect to Count VI.

4

Count V also fails. Plaintiff has provided nothing more than a formulaic recitation of the elements of such a claim without any factual support. To be clear, Plaintiff fails to allege that Defendant had a duty to implement specific policies or procedures for the safe operation of the forklift, and, assuming it did, in what specific way it breached that duty and how that breach was causally connected to Plaintiff's injury. *See Holder*, 2017 WL 10402575, at *2; *Rounds*, 2011 WL 692218, at *2; *see also Hajtman v. NCL (Bah.) Ltd.*, No. 07-22429-CIV, 2008 WL 1803630, at *3 (S.D. Fla. Apr. 21, 2008). Therefore, Count V will be dismissed.

Finally, as to Count VI, Defendant argues that Plaintiff has failed to allege knowledge by Defendant of the employee's purported unfitness to support a claim for negligent supervision. "Negligent supervision 'occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment.'" *Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356, 1359 (S.D. Fla. 2012) (quoting *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986)). To state a claim for negligent supervision, "[t]he plaintiff must allege that (1) the employer received actual or constructive notice of an employee's unfitness, and (2) the employer did not investigate or take corrective action such as discharge or reassignment." *Id.* Plaintiff fails to allege that the employee was unfit to operate the forklift, that Defendant was aware that the employee was unfit, or that Defendant failed to investigate or take corrective action. Therefore, Plaintiff has not alleged a claim for negligent supervision under Florida law. The Court also notes that Plaintiff again alleges that Defendant's employee was acting within the scope of

5

employment, which will not support a claim for negligent supervision. *See Buckler*, 680 F. App'x at 834; (Doc. 32, ¶ 40). Count VI will also be dismissed.[3]

Plaintiff has not requested further leave to amend and has already been given ample opportunity to state his claims. Accordingly, Counts III through VI will be dismissed without further leave to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not [ ] allow an amendment [ ] where there has been . . . repeated failure to cure deficiencies by amendments previously allowed.").

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 35) is **GRANTED in part** and Counts III through VI of the Second Amended Complaint (Doc. 32) are **DISMISSED without prejudice**. In all other respects, the Motion is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on March 24, 2022.

---

[3] Having determined that Counts III through VI fail to state a claim and are subject to dismissal, this Court need not address Defendant's request to have them stricken.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record